IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| KENNETH RICHMOND, #22979-078 | § | |
| VS. | § | CIVIL ACTION NO. 4:16cv736 |
| | | CRIMINAL NO. 4:15CR00028-001 |
| UNITED STATES OF AMERICA | § | |

ORDER OF DISMISSAL

Petitioner Kenneth Richmond, a prisoner confined at F.C.I. Oakdale I, brings this motion to vacate, set aide or correct his sentence (Dkt. #1) pursuant to 28 U.S.C. § 2255. He alleges that his trial attorney was ineffective for failing to object to erroneously applied sentencing enhancements, failing to challenge misleading evidence, and failing to investigate or present any evidence in mitigation. The motion was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation (Dkt #10) concluding that the motion should be denied. Richmond has filed objections (Dkt #12). After conducting a *de novo* review of the record, the pleadings, and the paper on file, the Court concludes that motion to vacate, set aside or correct Richmond's sentence should be denied.

Background

Richmond is in custody pursuant to a conviction for the offense of coercion and enticement, in violation of 18 U.S.C. § 2422(a). The victim was 17 years old at the time of the offense, and Richmond was 39. PSR[1] ¶ 14. The victim ran away from home on June 12, 2014. PSR ¶ 5. She was

---

[1] All references to the criminal case concern Case Number 4:15CR00028-001. "PSR" refers to the Presentence Investigation Report (Dkt. #34). "PA" refers to the plea agreement (Dkt. #27). "PH Tr." refers to the Change of Plea Hearing transcript (Dkt. #41). "SH Tr." refers to the Sentencing Hearing transcript (Dkt. #42).

1

picked up by an individual named Nicholas Smith, who traded her to Richmond for marijuana. PSR ¶ 5. Over the next two weeks, she had sexual intercourse with Richmond and engaged in sexual intercourse, through prostitution arranged by Richmond, with at least two other men. PSR ¶ 6. The prostitution occurred in Arkansas. PSR ¶ 6. At one point in time, he pulled out a knife and ran the blade up and down her finger signaling what he could do to her if she misbehaved. PSR ¶ 6. She also mentioned two different times where Richmond abused her verbally and physically. PSR ¶ 8. In one instance, she was kicked after ironing his shirts incorrectly. PSR ¶ 8. She was also slapped after being caught attempting to escape. PSR ¶ 8. She finally escaped when he took her to a basketball game in Texas where he was working as a referee. PSR ¶ 6.

## Procedural History

Richmond was indicted on February 19, 2015. On May 7, 2015, he entered a plea of guilty in conjunction with a non-binding written plea agreement. In the plea agreement, Richmond agreed to a base offense level of 24 pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2G1.3(a)(4). PA ¶ 5(a). Because the offense involved a commercial sex act, the offense level was increased by two-levels pursuant to U.S.S.G. § 2G1.3(b)(4). PA ¶ 5(b). The parties disputed the applicability of U.S.S.G. § 2G1.3(b)(2)(B) concerning whether Richmond unduly influenced the victim, a minor, to engage in sexual conduct, which provides for a two-level increase; thus, the parties reserved the right to argue the applicability of this provision at sentencing. PA ¶ 5(c). The parties also agreed to a reduction of three-levels for acceptance of responsibility under U.S.S.G. § 3E1.1. PA ¶ 5(d). The parties acknowledged they understood that the Court was not bound by the stipulations. PA ¶ 5. Richmond finally specified that he was pleading guilty freely and voluntarily and not the result of force, threats, or promises other than those set forth in the agreement. PA ¶ 10.

During the change of plea hearing, the Court fully explored whether Richmond's guilty plea was entered knowingly and voluntarily. Richmond stated that it was his intent to plead guilty to Count One of the indictment charging him with coercion and enticement, in violation of 18 U.S.C. § 2422(a). PH Tr. 3. He stipulated that he had discussed all of the facts of the case with his attorney. PH Tr. 4. He stipulated that he was satisfied that his attorney had fully considered his case as well as any defenses he had to the charges. PH Tr. 4. He further stipulated that he was fully satisfied that his attorney had completely advised him. PH Tr. 4. The Court reviewed his constitutional rights with him, and Richmond stated that he understood that he would be giving up those rights. PH Tr. 4-5. The nature of the charges and elements of the offense were reviewed, and he specified that he understood the nature of the charges and the elements of the offense. PH Tr. 5-6. The Court reviewed the range of punishment with a maximum sentence of 20 years of imprisonment, and Richmond stated that he understood the range of punishment. PH Tr. 6. Richmond specified that his attorney had gone over the sentencing guidelines and how they may be used. PH Tr. 8. He acknowledged that he understood that the sentence imposed may be different from the estimate his attorney gave to him. PH Tr. 9. He acknowledged that he was still bound by his plea if the sentence was more severe than he had anticipated. PH Tr. 9.

The Court proceeded to discuss the plea agreement. PH Tr. 9-11. Richmond specified that he had signed the plea agreement. PH Tr. 9. Richmond stipulated that he had agreed to a base offense level of 24. PH Tr. 10. He specified that he had agreed to a two-level increase because the offense involved a commercial sex act. PH Tr. 10. He agreed that he reserved the right to argue the applicability of § 2G1.3(b)(2)(B) at sentencing. PH Tr. 10.

Richmond testified that no one had threatened him to get him to plead guilty. PH Tr. 13. He specified that he was freely and voluntarily pleading guilty because he was guilty. PH Tr. 13. Counsel

3

specified that he believed that Richmond was competent to plead guilty. PH Tr. 14. Richmond advised the Court once again that he was pleading guilty because he was, in fact, guilty. PH Tr. 17. Upon completion of the plea colloquy, Richmond entered a plea of guilty. PH Tr. 17. The Court accepted the plea of guilty, found that it was entered knowingly and voluntarily, and adjudged Richmond guilty of the offense. PH Tr. 17-18.

In the Presentence Investigation Report, in accordance with the plea agreement, the probation officer found that Richmond's base offense level was 24. PSR ¶ 13. The probation officer found that there should be a two-level increase pursuant to U.S.S.G. § 2G1.3(b)(2)(B). PSR ¶ 14. In support of the finding, the probation officer observed there is a rebuttable presumption that the provision applies since Richmond was more than ten years older than the minor. PSR ¶ 14. It was further noted that the "victim was also influenced to obey [Richmond] through physical abuse and threatened physical abuse." PSR ¶ 14. The probation officer further found that there should be a two-level increase pursuant to U.S.S.G. § 2G1.3(b)(4) because the offense involved the commission of a sexual act or sexual contact. PSR ¶ 15. The probation officer further found that there should be a two-level increase pursuant to U.S.S.G. § 3A1.1(b)(1) because Richmond knew that the victim of offense was a vulnerable victim. PSR ¶ 16. In support of the finding, the probation officer noted that Richmond knew or should have known that she was a runaway with no money or resources and was especially vulnerable due to her traumatic past including numerous sexual assaults. PSR ¶ 16. Richmond received a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. PSR ¶¶ 20-21. Richmond's total offense level was thus 27. PSR ¶ 23.

The probation officer determined that Richmond had a criminal history category of II. PSR ¶ 28. With a total offense level of 27 and a criminal history category of II, the guideline range was determined to be 78 to 97 months of imprisonment. PSR ¶ 47.

A sentencing hearing was conducted on September 29, 2015. Richmond testified that he was satisfied with the accuracy of the PSR. SH Tr. 3. Counsel stated that Richmond understood it and did not have any comments, additions or corrections. SH Tr. 3. The victim, her mother and Richmond testified. The victim testified that it made her "sick to think he would try to say this was consensual." SH Tr. 5. She further testified that he told her that if she told "anyone about this he will find me and will kill me, my family and anyone else around." SH Tr. 6. She stated that she does not "know how to cope with something that [she] was forced to do and made [her] to feel so violated." SH Tr. 7. Her mother testified that she has held her daughter's "trembling body at night while she screams and cries, held her through nightmares." SH Tr. 8. In response, Richmond expressed remorse for his actions. SH Tr. 10.

After hearing the testimony, the Court found that the sentencing guidelines did not take into consideration all of the factors that happened in this case and that an upward variance was appropriate because of the seriousness of the offense. SH Tr. 13. The Court specifically noted that Richmond victimized a 17 year old child, that he knew of the prior abuse against her and that he showed violence against her. SH Tr. 14. Richmond was accordingly sentenced to 150 months of imprisonment. SH Tr. 14. He did not appeal the decision of this Court.

The present motion to vacate, set aside or correct Richmond's sentence (Dkt. #1) was filed almost one year later on September 23, 2016. Richmond argues that his trial attorney was ineffective for failing to object to erroneously applied sentencing enhancements, failing to challenge misleading evidence, and failing to investigate or present any evidence in mitigation.

Discussion and Analysis

Richmond argues that he is entitled to relief because his trial attorney was ineffective. Ineffective assistance of counsel claims are governed by the Supreme Court's standard established in

5

*Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* provides a two-pronged standard, and the petitioner bears the burden of proving both prongs. *Id.* at 687. Under the first prong, he must show that counsel's performance was deficient. *Id.* To establish deficient performance, he must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Id.* at 688. The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* at 690. Under the second prong, the petitioner must show that his attorney's deficient performance resulted in actual prejudice. *Id.* at 687. To satisfy the prejudice prong, the habeas petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. An ineffective assistance of counsel claim fails if a petitioner cannot satisfy either the deficient performance or prejudice prong; a court need not evaluate both if he makes an insufficient showing as to either. *Id.* at 697.

In the present case, at the change of plea hearing, Richmond stipulated that he had discussed all of the facts of the case with his attorney. PH Tr. 4. He stipulated that he was satisfied that his attorney had fully considered his case as well as any defenses he had to the charges. PH Tr. 4. He further stipulated that he was fully satisfied that his attorney had completely advised him. PH Tr. 4. Richmond specified that his attorney had gone over the sentencing guidelines and how they may be used. PH Tr. 8. He acknowledged that he understood that the sentence imposed may be different from the estimate his attorney gave to him. PH Tr. 9. He acknowledged that he was still bound by his plea if the sentence was more severe than he had anticipated. PH Tr. 9.

Richmond is now challenging his enhancements under § 2G1.3(b)(2)(B) and § 3A1.1(b)(1). During the change of plea hearing, Richmond advised the Court that he agreed with the applicability of § 2G1.3(b)(2)(B). PH Tr. 10. During the sentencing hearing, Richmond testified that he was satisfied with the accuracy of the PSR. SH Tr. 3. Counsel stated that Richmond understood it and did not have any comments, additions or corrections. SH Tr. 3. The Fifth Circuit has held that "solemn declarations in open court carry a strong presumption of verity." *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)). Richmond's statements made in open court provide a strong presumption that he was agreeing with the application of § 2G1.3(b)(2)(B) and § 3A1.1(b)(1). His statements made in open court provide a strong presumption that he was satisfied with his attorney's representation. He has not provided any evidence that overcomes the presumption. He has offered nothing other than conclusory allegations and bald assertions, which are insufficient to support a collateral challenge to his conviction. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

As was previously noted, Richmond is now challenging the application of § 2G1.3(b)(2)(B). The probation officer provided the following explanation in applying the enhancement:

> **Specific Offense Characteristics:** Pursuant to USSG §2G1.3(b)(2)(B), if a participant otherwise unduly influenced a minor to engage in prohibited sexual conduct, increase by two levels. According to application note 3(B), in a case in which a participant is at least 10 years older than the minor; there shall be a rebuttable presumption that subsection (b)(2)(B) applies. On the date of the offense, the defendant was 39 years of age, and the victim was age 17. The victim was also influenced to obey the defendant through physical abuse and threatened physical abuse. Therefore, two levels are added.

PSR ¶ 14.

The Magistrate Judge appropriately observed there is a rebuttable presumption that the victim was coerced based upon their respective ages. Moreover, the record reflects that at least some level of coercion did, in fact, occur: (1) Nicholas Smith stated, as did the victim, that the victim ran away from Richmond; (2) the victim claimed that Richmond harmed her, and threatened her by stating if the victim left again that he would "blow [her] brains out[;]" and (3) both the victim and Nicholas Smith stated that the victim and Richmond had sexual relations. This is clear evidence of some level of coercion and undue influence over the victim. *See United States v. Pringler*, 765 F.3d 445, 456 (5th Cir. 2014) (finding threats of physical violence and sexual relations between the victim and defendant, as a common control mechanism between a pimp and prostitute, sufficient to find undue influence over the behavior of a minor victim).

In his objections, Richmond complains that counsel made no objections and presented no evidence or argument to refute the claim. The evidence, however, supports the application of the enhancement. Counsel was not required to make frivolous or futile motions or objections. *Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002); *Koch*, 907 F.2d at 527. Richmond presents evidence to second-guess the finding; nonetheless, even with this additional evidence, there is an abundance of evidence to support the finding. Assuming *arguendo* that counsel should have presented such evidence, he cannot show that the outcome of the sentencing hearing would have been different. Stated differently, he has not satisfied his burden of showing prejudice. The ineffective assistance of counsel claim with respect to the application of § 2G1.3(b)(2)(B) lacks merit.

Richmond also challenges the application of § 3A1.1(b)(1). He claims that the victim was not an unusually vulnerable victim. The probation officer provided the following explanation in applying the enhancement:

> **Victim Related Adjustment:** Pursuant to USSG § 3A1.1(b)(1), if the defendant knew or should have known a victim of the offense was a vulnerable victim, increase by 2 levels. At the time of the offense, the victim was a runaway with no money or resources to support herself. The victim was also especially vulnerable due to her traumatic past including numerous sexual assaults. The victim also informed the defendant that she had been sexually assaulted in her past. Pursuant to USSG § 3A1.1(b)(1), a two level increase is warranted.

PSR ¶ 16.

The Magistrate Judge appropriately observed that Richmond provides no reason to believe that the victim had a way to lawfully support herself while in Arkansas. Moreover, he failed to show that the victim was not vulnerable simply because she lived with another man rather than choosing to go home after running away from Richmond. Finally, in his statement, Nicholas Smith clearly stated that Richmond knew about the victim's past, which included past sexual assault and violence toward her and her siblings, that she was a runaway, and that she lived with foster parents. Other courts have found similar facts sufficient for the application of the enhancement. *See United States v. White*, 979 F.2d 539, 544 (7th Cir. 1992) (finding the application of U.S.S.G. § 3A1.1 supported by the evidence the victim had a troubled childhood that included past sexual abuse and that the defendant understood her to live in a group home). The Magistrate Judge reasonably concluded that Richmond had not shown that counsel's failure to present this evidence prejudiced him, as Richmond failed to show that the enhancements were improperly applied.

In his objections, Richmond does nothing more than make the conclusory claim that neither the victim's voluntary status as a runaway or her self-reported history of abuse impaired her capacity to detect or prevent the crime. He claims that the victim willingly engaged in prostitution. The overall evidence, however, supports the application of the enhancement. Counsel was not required to make frivolous or futile motions or objections. *Johnson*, 306 F.3d at 255; *Koch*, 907 F.2d at 527. The evidence properly supported the application of the enhancement. Richmond has not satisfied his

9

burden of ineffective assistance of counsel with respect to the application of § 3A1.1(b)(1). The claim and objections lack merit.

In his objections, Richmond also claims that his attorney was ineffective for failing to challenge misleading evidence. The evidence before the Court, however, had a basis in fact. Counsel was not required to make frivolous or futile motions or objections. *Johnson*, 306 F.3d at 255; *Koch*, 907 F.2d at 527. The objection lacks merit.

Finally, Richmond argues in his objections that counsel was ineffective for failing to research and present mitigating evidence. In support of his claim, he cites the standard employed in capital cases. *Wiggins v. Smith*, 539 U.S. 510, 521-22 (2003). The Fifth Circuit has made it clear that "in the context of a capital sentencing proceeding, defense counsel has the obligation to conduct a 'reasonably substantial, independent investigation' into potential mitigating circumstances." *Lewis v. Dretke*, 355 F.3d 364, 367 (5th Cir. 2003) (citations omitted). Richmond has not shown that counsel's representation fell below an objective standard of reasonableness in the context of a non-capital case after a plea of guilty pursuant to a plea agreement.

Overall, the present § 2255 motion lacks merit. The Court specifically observes that Richmond has not and cannot show prejudice; thus, he has not satisfied his burden of proving ineffective assistance of counsel. His sentence was appropriate, regardless of the additional evidence that he is presently bringing before the Court. His sentence above the sentencing guidelines was appropriate because of his use of violence towards a vulnerable victim, who was a minor, particularly when he exposed a knife and threatened her.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Richmond to the Report, the Court is of the opinion

that the findings and conclusions of the Magistrate Judge are correct and Richmond's objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that Richmond's motion to vacate, set aside or correct his sentence (Dkt. #1) pursuant to 28 U.S.C. § 2255 is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All other motions not previously ruled on are hereby **DENIED**.

**SIGNED this 5th day of April, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE